**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GERARD EDWARD LEHNER,

                         Plaintiff,

      - v -                                  Civ. No. 1:11-CV-729
                                                            (TJM/RFT)

INTERNAL REVENUE SERVICE,

                         Defendant.

**APPEARANCES:**                               **OF COUNSEL:**

GERARD EDWARD LEHNER
Plaintiff, *Pro Se*
P.O. Box 3863
Kingston, New York 12402

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      The Clerk has sent to the Court a Complaint, together with an Application to Proceed *In Forma Pauperis* (IFP), filed by *pro se* Plaintiff Gerard Edward Lehner. Dkt. No. 1, Compl; Dkt. No. 2, Mot. for IFP. Because the pleading filed by Plaintiff fails to satisfy basic pleading requirements, as more fully discussed below, this Court recommends dismissal, or, in the alternative, in light of his *pro se* status, an order be issued directing Plaintiff to file an amended complaint should he wish to avoid dismissal of this action.

### I. DISCUSSION

#### A. *In Forma Pauperis* Application

Accompanying Plaintiff's Complaint is a Motion for Leave to Proceed with this Action *In*

*Forma Pauperis*. Dkt. No. 2. After reviewing that Application, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

### B. Rules Governing Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the

defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### C. Allegations Contained in the Complaint

A review of the Complaint reveals that such pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules. The Complaint is, at best, disjointed and confusing. Plaintiff purportedly brings this action pursuant to 42 U.S.C. § 1983, however, it is not clear what constitutional rights he is seeking to vindicate, and how the named Defendant violated such rights, nor is there a clear request for relief. After reading Plaintiff's Complaint, the Court is befuddled as to why Plaintiff has sought Court intervention.

Since Plaintiff's Complaint plainly does not comply with the requirements of the above-mentioned pleading rules, and in its current form, the pleading fails to state a cause of action, we recommend that dismissal is appropriate. However, in light of his *pro se* status, we alternatively recommend that the District Judge provide Plaintiff an opportunity to amend his pleading to cure

the deficiencies outlined above, with the warning that failure to submit an amended pleading will result in dismissal of this action.

Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that <u>clearly</u> identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. Plaintiff must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph <u>specifying</u> (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every Defendant named in such complaint; **any Defendant not named in such pleading shall not be a Defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that he wishes this Court to consider as a basis for awarding Plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without**

**further Order of the Court**.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, (Dkt. No. 2) is **granted**;[1] and it is further

**RECOMMENDED**, that this action be **dismissed** due to Plaintiff's failure to comply with Federal Rules of Civil Procedure 8 and 10; and it is further

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to any dismissal, Plaintiff be afforded an opportunity to amend his Complaint consistent with the instructions above.  In any amended complaint that Plaintiff files, he must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and any other terms the Court deems proper.  Plaintiff must also allege claims of misconduct or wrongdoing against Defendants that he has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOUTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

---

[1] Plaintiff should note that although the Application to Proceed *In Forma Pauperis* has been granted, he will still be required to pay other fees that he may incur in this action, including copying and/or witness fees.

Date: July 27, 2011
      Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge